**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TAMMIE E. HOLLMON,**

    **Plaintiff,**

v.                                      Case No. 8:10-cv-2582-T-30TBM

**HORNERXPRESS d/b/a**
**AQUA-CAL AUTO PILOT,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* **Plaintiff's Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a). While her affidavit indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action, because I find that the Complaint (Doc. 1) fails to state a claim, I recommend that the court dismiss this action. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d

at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Upon consideration, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations fail to clearly state a cause of action entitling her to relief and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff attaches as part of her complaint a letter from November 8, 2009, wherein she sets out what appears to be the factual foundation of her claims. She was injured in an automobile accident and subsequently placed on light duty with her place of employment. She was involved in an altercation with a co-worker in which she urges she was defending herself after being struck in the back of the head and face with the ends of metal rods. She was terminated and due to allegations of misconduct she was initially denied unemployment benefits which ultimately were reversed on appeal. While Plaintiff's Complaint makes vague references to "discriminatory and retaliatory acts," she fails to allege any factual detail which could possibly give rise to a cause of action under Title VII or the ADA.[1]

---

[1] By way of example, Plaintiff's Complaint wholly fails to allege any facts to clarify whether the basis of the alleged "discriminatory and retaliatory" acts are her race, age, or disability. Under Title VII, in order to establish a prima facie case of discrimination, a plaintiff must show (1) she is a member of a protected class; (2) she suffered an adverse job action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to perform her job. *See Holifield v. Reno*, 115 F.3d 1555,

For these reasons, I recommend that the court **DISMISS** Plaintiff's Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

> Respectfully submitted on this
> 10th day of February 2011.

*/s/ Thomas B. McCoun III*
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
*Pro se* Plaintiff

---

1562 (11th Cir. 1997). To establish a prima facie case of retaliation, a plaintiff must show (1) that she engaged in statutorily protected expression, (2) she suffered an adverse employment action, and (3) the adverse employment action was causally related to her protected activities. 42 U.S.C. § 2000e-3(a); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).